IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL J. KHOURY,

Petitioner,

v.

                                              Civil Case No. 16-cv-1085-DRH
                                       Criminal Case No. 15-cr-30013-DRH

UNITED STATES OF AMERICA,

Respondent.

## MEMORANDUM & ORDER

**HERNDON, District Judge:**

### I.    Introduction

This matter is before the Court on petitioner Michael J. Khoury's motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 (Doc. 1). Specifically, Khoury argues that in light of recent case law (a) he no longer has the requisite predicate offenses to make him an armed career criminal pursuant to 18 U.S.C. § 924(e) and (b) his base offense level under §2K2.1 was improperly calculated.

On January 11, 2017, the United States filed a response to Khoury's § 2255 petition (Doc. 15) in which they concede that his motion should be granted in part following the U*nited States v. Edwards*, 836 F.3d 831 (7th Cir. 2016) decision. The government indicates that in light of the *Edwards* decision, Khoury's guideline range is impacted. However, the government argues that Khoury remains an armed career criminal based upon his numerous convictions

for residential burglary. The government requests that this Court set aside Khoury's sentence and allow for resentencing pursuant to 28 U.S.C. § 2255(b) based upon the *Edwards* issue, but find that Petitioner is still an armed career criminal post-*Mathis*. For the reasons discussed herein, Khoury's to motion to vacate, set aside, or correct sentence (Doc. 1) is **GRANTED in part and DENIED in part**.

## II.   Background

On January 22, 2015, Khoury was charged with the unlawful possession of a firearm by a felon, 18 U.S.C. §§ 922(g)(1) and 924(a)(2), stemming from a burglary that occurred in St. Clair County, Illinois on January 20, 2015. *United States v. Khoury*, 15-cr-30013-DRH, (Doc. 1).[1] On May 12, 2015, Khoury pled guilty to the indictment pursuant to a written plea agreement (Cr. Doc. 19). In the plea agreement, the United States agreed to recommend a sentence at the low end of the guidelines range, which the parties had calculated as being 188–235 months' imprisonment (Cr. Doc. 20).

Ultimately, in light of previous burglary convictions, the Court concluded that Khoury was an armed career criminal pursuant to 18 U.S.C. §924(e). His guideline range was calculated as being 188–235 months, consistent with the plea agreement. Neither party objected to the guideline calculation. On December 18, 2015, the Court found that the PSR properly calculated the guidelines range, and Khoury was sentenced to 188 months' imprisonment, 5 years of supervised

---

[1] Further reference to Khoury's criminal docket in this order will include "Cr. Doc." prior to the document number to differentiate from his civil habeas case filings.

release, a $300 fine, and a $100 special assessment (Cr. Doc. 34). He did not file a direct appeal.

On September 26, 2016, Khoury filed the pending motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 (Doc. 1). In his § 2255, Khoury argues that (1) in light of *Mathis v. United States*, 136 S.Ct. 2243, 2253 (2016), he no longer has the requisite predicate offenses to qualify as an armed career criminal and (2) in light of U*nited States v. Edwards*, 836 F.3d 831 (7th Cir. 2016), his base level offense was miscalculated.

### III. Analysis

#### a. Armed Career Criminal

The Armed Career Criminal Act applies when a defendant has three convictions that constitute a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1). In this case, Khoury argues that in light of the *Mathis* case, he no longer qualifies as an armed career criminal.

*Mathis* addressed the enumerated offenses clause of the ACCA. The Supreme Court held that the Iowa burglary statute is not divisible, because it creates alternative means and not alternative elements; thus, the district court erred in using the modified categorical approach to determine whether Mathis' burglary convictions were convictions for generic burglary. *Mathis v. United States*, 136 S.Ct. 2243, 2253 (2016). The Court noted that "the modified approach serves – and serves solely – as a tool to identify the elements of the crime of conviction when a statute's disjunctive phrasing renders one (or more) of

them opaque," and it "is not to be repurposed as a technique for discovering whether a defendant's prior conviction, even though for a too-broad crime, rested on facts (or otherwise said, involved means) that also could have satisfied the elements of a generic offense." *Mathis*, 136 S.Ct. at 2253–54.

In this case, Khoury's status as an armed career criminal was based on multiple convictions for residential burglary, burglary, and 2nd degree burglary spanning from 1993 until 2003 (Cr. Doc 29). The government concedes that Khoury's convictions under Missouri law for Burglary – 2nd Degree[2] no longer qualify as "violent felonies" for purposes of the ACCA. See *United States v. Smith*, No. 15-3033, 2016 WL 4626561 (7th Cir. Sept. 6, 2016). Moreover, the government also concedes that Khoury's convictions for Burglary[3] under Illinois law no longer qualify as "violent felonies" for purposes of the ACCA. See *United States v. Haney*, 840 F.3d 472, 475 (7th Cir. 2016).

That being said, Khoury's numerous convictions for residential burglary under Illinois law undoubtedly qualify as "violent felonies" for purposes of the ACCA, even post-*Mathis*.[4] Khoury still has at least three residential burglary

---

[2] Jefferson County, Missouri Case # 23CR197-1056 and St. Louis County Case # 03-CR-00014B

[3] Monroe County Case # 94-CF-23 and St. Clair County Case # 98-CF-93

[4] Both versions of the residential burglary statute – the current version and the version that was in effect at the time of Khoury's convictions – have "dwelling place of another" as the locational element. As the locational element is the same in both, the version in effect at the time of Khoury's convictions did not have locations that fell outside the scope of generic burglary as defined in *Taylor*. Thus, where *Dawkins v. United States*, 809 F.3d 953 (7th Cir. 2016) held that entering "without authority" was the same as entering "unlawfully," and *United States v. Haney*, 840 F.3d 472, 475 (7th Cir. 2016) held that the Illinois residential burglary statute does not include locations that fall outside *Taylor*'s scope, it is clear that a conviction for residential burglary under Illinois law still qualifies as a "violent felony" under the enumerated offenses clause contained in 18 U.S.C. 924(e)(2)(B)(ii).

convictions under Illinois law[5]; thus, he remains an armed career criminal. Accordingly, Khoury's first ground for relief is denied.

### b. Base Offense Level in light of *Edwards*

In September 2016, the Seventh Circuit applied *Mathis* in the context of sentence enhancements under the sentencing guidelines. In *United States v. Edwards*, 836 F.3d 831 (7th Cir. 2016), the Seventh Circuit scrutinized whether a Wisconsin burglary statute was divisible, such that the sentencing judge could consult the state court charging documents to help decide whether a prior conviction was a crime of violence under the sentencing guidelines. The Court ultimately found that the Wisconsin law was not divisible. It identified two different means of committing a single crime (burglary) as opposed to listing alternative elements that create multiple, distinct offenses.

The Seventh Circuit highlighted that "after *Mathis*… it's clear that this recourse to state-court charging documents was improper. The relevant subsection of Wisconsin's burglary statute sets forth alternative means of satisfying the location element of the state's burglary offense." *Edwards*, 836 F.3d at 833. The Seventh Circuit held that the elements of the crime were broader than "the elements of the Guidelines offense so the defendants' burglary convictions cannot serve as predicate offenses under § 2K2.1(a)." *Id*. at 6.

In light of the *Edwards* decision, it appears that Khoury's base offense level is impacted and would have been lower than that imposed at the time of

---

[5] St. Clair County Case # 93-CF-71, Madison County Case # 94-CF-283, Madison County Case # 94-CF-286, and Madison County Case # 94-CF-308 (two counts)

sentencing. Accordingly, the Court grants Khoury's motion as to his second ground for relief and the matter shall set for resentencing

### IV. Certificate of Appealability

Under Rule 11(a) of the RULES GOVERNING SECTION 2255 PROCEEDINGS, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A habeas petitioner does not have an absolute right to appeal a district court's denial of his habeas petition; he may appeal only those issues for which a certificate of appealability have been granted. *See Sandoval v. United States,* 574 F.3d 847, 852 (7th Cir. 2009). A habeas petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); 28 U.S.C. § 2253(c)(2). Under this standard, a petitioner must demonstrate that, "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

Where a district court denies a habeas petition on procedural grounds, the court should issue a certificate of appealability only if (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack,* 529 U.S. at 485.

In this case, the Court shall issue a final order adverse to Khoury regarding his armed career criminal status. Thus the Court must decide whether to issue a certificate of appealability. In this case, it is clear that reasonable jurists could not debate that Khoury's claims surrounding his status as an armed career criminal should have been resolved in a different manner. Therefore, the Court declines to certify the issue for review pursuant to 28 U.S.C. § 2253(c).

## V. Conclusion

For the reasons set forth above, Khoury's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence, is **GRANTED in part and DENIED in part** (Doc. 1). The Court **GRANTS** Khoury's motion based upon the *Edwards* issue. However, Khoury's claims addressing his status as an armed career criminal are **DISMISSED with prejudice**. The Clerk is instructed to close the file and enter judgment accordingly. The Court shall not issue a certificate of appealability.

**FURTHER**, the Court finds it is appropriate to resentence Mr. Khoury and **DIRECTS** the Clerk of the Court to set the matter for resentencing in case number 15-cr-30013 *United States v. Khoury*. The resentencing shall be set for May 11, 2017, at 1:30pm before the undersigned.

**FURTHER**, the Court **DIRECTS** the United States Marshals Service ("USMS") to transport Michael J. Khoury to the resentencing of this matter to be held on May 11, 2017.

**FURTHER**, in light of the resentencing hearing to be set in case number 15-cr-30013, the Court **DIRECTS** the Probation office to update Mr. Khoury's PSR utilizing the current Guideline Manual and to provide the Court with information regarding the Khoury's conduct while incarcerated.

**IT IS SO ORDERED.**

Signed this 26th day of January, 2017.

Digitally signed by
Judge David R. Herndon
Date: 2017.01.26
09:24:38 -06'00'

**United States District Judge**