**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **MICHAEL J. KHOURY,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **vs.** | )   **Case No. 3:16-cv-1085-DWD** |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Respondent.** | ) |

<u>**MEMORANDUM & ORDER**</u>

**DUGAN, District Judge:**

Before the Court is Petitioner Michael J. Khoury's motion to reconsider the denial of his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. 23). For the following reasons, the motion is due to be denied.

On May 12, 2015, Khoury plead guilty to the charge of unlawful possession of a firearm by a felon in violation of 8 U.S.C. §§ 922(g)(1) and 924(a)(2). *United States v. Khoury*, 15-cr-30013-DRH, (Doc. 19). Due to previous convictions, the district court concluded that Khoury was subject to a sentencing enhancement under the Armed Career Criminal Act ("ACCA"). The district court sentenced Khoury to 188 months' imprisonment, 5 years of supervised release, a $300 fine, and a $100 special assessment. *Id.* (Doc. 34).

On September 26, 2016, Khoury initiated this action by filing a motion to set aside, vacate, or correct sentence, pursuant to 28 U.S.C. § 2255. (Doc. 1). In his § 2255 motion, Khoury argued that (1) in light of *Mathis v. United States*, 136 S. Ct. 2243, 2253 (2016), he

no longer has the requisite predicate offenses to qualify as an armed career criminal and (2) in light of *United States v. Edwards*, 836 F.3d 831 (7th Cir. 2016), his base level offense was miscalculated. On January 26, 2017, the district court granted in part and denied in part Khoury's § 2255 motion. (Doc. 16). The district court found that some of Khoury's prior convictions no longer qualified as "violent felonies" for purposes of ACCA under *Mathis*. However, the district court concluded that Khoury had been convicted of several other crimes that clearly qualified as "violent felonies" under ACCA, even post-*Mathis*. As to Khoury's second argument, the district court agreed that under *Edwards*, Khoury's base offense level would have been lower than that imposed at the time of sentencing. Accordingly, the district court granted Khoury's motion as to his second ground for relief and set the matter for resentencing.

On May 11, 2017, the district court resentenced Khoury to 180 months' imprisonment, 5 years of supervised release, a $750 fine, and a $100 special assessment. *United States v. Khoury*, 15-cr-30013-DRH, (Doc. 52). Khoury appealed, but the Court of Appeals affirmed the district court's judgment, holding that Khoury was properly sentenced as an armed career criminal. *Id.* (Doc. 64).

Khoury brings the present motion for reconsideration under Federal Rule of Civil Procedure 60(b)(6). (Doc. 23 at 1). Under Rule 60(b)(6), a party may seek relief from a judgment for "any other reason that justifies relief." The rule does not provide a specific time period in which a motion must be brought, requiring only that motions be made "within a reasonable time." Fed. R. Civ. P. 60(c)(1). Khoury does not address the fact that he brings this motion more than five years after his original § 2255 motion was granted

2

in part and denied in part and more than four years after his appeal of his subsequent resentencing was rejected. Instead, he argues that after recent decisions by the Court of Appeals for the Seventh Circuit, he is no longer subject to a sentencing enhancement under ACCA. (Doc. 23 at 1–2). Khoury makes no other argument for reconsideration.

Even if the Court assumes that Khoury's argument is correct, his motion to reconsider must still be denied. "A motion for relief from judgment under Rule 60(b)(6) may be granted in only 'extraordinary circumstances.'" *Nash v. Hepp*, 740 F.3d 1075, 1078 (7th Cir. 2014) (quoting *Agostini v. Felton*, 521 U.S. 203, 239 (1997)). And it is well-settled that "a change in law showing that a previous judgment may have been incorrect is not an 'extraordinary circumstance' justifying relief under Rule 60(b)(6)." *Id.* (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 536 (2005)); *see also Hill v. Rios*, 722 F.3d 937, 938 (7th Cir. 2013) ("Rule 60(b) cannot be used to reopen the judgment in a civil case just because later authority shows that the judgment may have been incorrect."). The Court notes that Khoury's arguments were recently evaluated in a separate petition for writ of habeas corpus under 28 U.S.C. § 2241, which is currently pending on appeal. *Khoury v. Dunbar*, 21-cv-361-SPM (See Doc. 20 at 6–9). The district court denied Khoury's § 2241 petition.

For these reasons, Khoury's motion to reconsider (Doc. 23) is **DENIED**.

**SO ORDERED.**

Dated: June 14, 2022

_____
DAVID W. DUGAN
United States District Judge

3