IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL J. KHOURY,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 3:16-cv-1085-DWD |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM & ORDER

**DUGAN, District Judge:**

Before the Court are Petitioner's Motions for Leave to Amend ("Motions") (Docs. 25 & 26) his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.

Petitioner was indicted on January 22, 2015, for possession of a firearm by a felon. *See U.S. v. Khoury*, No. 15-cr-30013, Doc. 1. He pled guilty pursuant to a plea agreement on May 12, 2015. *See id*. at Docs. 19 & 20. Petitioner, who was found to be an armed career criminal offender under 18 U.S.C. § 924(e), was sentenced to a term of 188 months imprisonment. *See id*. at Doc. 34. Petitioner did not file a direct appeal.

Petitioner filed the Motion under § 2255 on September 26, 2016. (Doc. 1). That Motion was amended on November 28, 2016. (Docs. 11 & 13). On January 26, 2017, the Motion under § 2255 was granted in part and denied in part. Petitioner's sentence was set aside, as suggested by the Government, in light of *U.S. v. Edwards*, 836 F.3d 831 (7th Cir. 2016), which implicated his base offense level. However, the Court rejected Petitioner's argument that he was no longer an armed career criminal offender following

*Mathis v. U.S.*, 579 U.S. 500 (2016). Ultimately, Petitioner's term of imprisonment was reduced from 188 months to 180 months. *See Khoury*, No. 15-cr-30013, Doc. 49. Judgment was entered on January 26, 2017. *See id*. at Doc. 17. Petitioner filed an appeal, but the Seventh Circuit affirmed the Judgment, finding Petitioner was properly resentenced as an armed career criminal offender. *See id*. at Docs. 54 & 64.

Thereafter, on May 23, 2022, Petitioner filed a Motion to Reconsider the partial denial of his § 2255 Motion, seeking relief from the amended judgment under Federal Rule of Civil Procedure 60(b)(6). (Doc. 24). Petitioner argued recent decisions of the Seventh Circuit indicated he could no longer be considered an armed career criminal offender. (Doc. 23, pgs. 1-2). Even assuming Petitioner's argument was correct, however, the Court denied the Motion to Reconsider on the basis that changes in the law, showing a previous judgment might have been incorrect, did not constitute extraordinary circumstances that justified relief under Rule 60(b)(6). In doing so, the Court expressly noted that Petitioner did not explain why the Motion to Reconsider was brought over five years after the ruling on his § 2255 Motion and over four years after the Seventh Circuit affirmed his resentencing. Likewise, the Court noted Petitioner's arguments were rejected in a separate Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. *See Khoury v. Dunbar*, No. 21-cv-461, Doc. 20, pgs. 6-9 (Nov. 2, 2021). Petitioner's appeal from the denial of that Petition under § 2241 remains pending in the Seventh Circuit.

Now, Petitioner seeks to amend his § 2255 Motion under Federal Rule of Civil Procedure 15(c)(1)(B), which provides as follows: "An amendment to a pleading relates back to the date of the original pleading when…the amendment asserts a claim or defense

2

that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). Petitioner seeks to present the "same argument" as was stated in the § 2255 Motion, *i.e.*, whether a conviction of Illinois residential burglary can give rise to Petitioner's ACCA enhancement. (Docs. 25, pg. 1; 26, pg. 1). Petitioner emphasizes, "[t]he amendments do not contain new claims, but merely additional arguments concerning the existing claims." (Doc. 25, pg. 2). Petitioner relies on, *inter alia*, *Mathis* and *U.S. v. Glispie*, 978 F.3d 502 (7th Cir. 2020), as he did before. The Government filed a Response to the Motions (Doc. 28), as directed by the Court (Doc. 27).

Here, Petitioner was only "entitled to a single unencumbered opportunity to pursue collateral review" under the Anti-Terrorism and Effective Death Penalty Act. *See Vitrano v. U.S.*, 643 F.3d 229, 233 (7th Cir. 2011); *accord Rutherford v. U.S.*, No. 10-cv-2057, 2012 WL 195614, *1 (C.D. Ill. Jan. 23, 2012); *Rivas v. U.S.*, No. 17-cv-793, 2017 WL 11541230, *1 (E.D. Wisc. Dec. 18, 2017). It is likely for this reason that the Court is presented with such an unusual procedural posture, namely, with motions to amend a partially successful § 2255 motion after the entry of a final judgment. In other words, Petitioner likely travels that path because he cannot obtain a certificate from the Seventh Circuit to file a second or successive motion under § 2255. *See* 28 U.S.C. § 2255(h).

In any event, generally, "[o]nce final judgment has been entered in a case, 'the district court lacks jurisdiction to entertain a motion for leave to amend the complaint unless the plaintiff also moves for relief from the judgment.' " *See Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008) (quoting *Camp v. Gregory*, 67 F.3d 1286, 1286 (7th Cir. 1995)); *accord Childress v. Walker*, 787 F.3d 433, 442 (7th Cir. 2015); *see also Rodriguez v. U.S.*, 286

3

F.3d 972, 980 (7th Cir. 2002) (acknowledging, in a case where the district court entered a judgment before the petitioner attempted to amend his § 2255 motion, "a court may grant a plaintiff's motion for leave to amend even after judgment ha[s] been entered," but the presumption in favor of liberality under Rule 15 is reversed in such a situation and the party must successfully reopen the judgment under Federal Rule of Civil Procedure 59(e) or 60(b) before requesting leave to amend under Rule 15).

Since the record plainly demonstrates Petitioner received an "unencumbered opportunity" to challenge his sentence under § 2255, resulting in a partially successful effort to vacate, set aside, or correct that sentence, and the final judgment related to the corrected sentence remains in effect even after an appeal to the Seventh Circuit, the Court **FINDS** Petitioner is not entitled to amend the Motion under § 2255. *See DiNovo v. U.S.*, 585 F. Supp. 2d 168, 170 (D. Mass. 2008) ("Amendment of a § 2255 petition is not allowed, however, 'after judgment has been rendered and while the judgment still remains in force.' "); *accord Ramirez-Burgos v. U.S.*, 990 F. Supp. 2d 108, 123 (D. P.R. 2013). As such, the instant Motions, requesting leave to amend the § 2255 Motion, are **DENIED**.

**SO ORDERED.**

Dated: November 8, 2023

s/ *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge